**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PALM HARBOR HOMES, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 1:08-cv-00196-MEF |
| | * | |
| **MICHAEL AND JENNIFER WALTERS,** | * | |
| **CHESTER DRISKELL,** | * | |
| | * | |
| Defendants. | * | |

**MOTION TO COMPEL ARBITRATION OR IN THE ALTERNATIVE
TO DISMISS PLAINTIFF'S COMPLAINT
FOR DECLARATORY RELIEF**

COME NOW Defendants, Michael and Jennifer Walters and Chester Driskell and without waiving any other Rule 12 defenses, other threshold defenses or objections, and/or any other affirmative defenses (and expressly preserving all of the same), hereby move this Court pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") and Alabama law, to enter an Order compelling arbitration and staying all further proceedings in this action against Michael and Jennifer Walters and Chester Driskell until arbitration has been had in accordance with the terms of the agreement as hereinafter set forth, or in the alternative, dismissing Plaintiff's complaint for declaratory judgment. As grounds for this motion, states the following:

**BACKGROUND**

1.   The underlying dispute in this action arose out of defects to manufactured homes purchased by Defendants and manufactured by Plaintiff. Defendants agreed to arbitration at the purchase of their homes, therefore, Defendants stated their causes of action in arbitration on or

about December 22, 2006 and amended the complaint on or about February 20, 2007. Defendants have asserted class action allegations in their Arbitration Complaint.

2. The relevant Arbitration Provision is found in the New Home Warranty provided by Plaintiff to Defendants when they purchased their homes. It provides in part:

> In the ever of any dispute of claim, arising out of or in connection with the design, construction, warranty or repair of any product or component supplied by the manufacturer, the condition of the product, the conformity of the product, the merchantability of the product, whether such product is or is not "new," any representations, promises, undertakings or covenants made or allegedly made by the manufacturer in connection with or arising out of any transaction or undertaking between the manufacturer and any direct or subsequent purchaser, the manufacturer and the purchaser of this product agree to submit any such dispute or claim to binding arbitration pursuant to the provisions of 9 USC 1, et seq. and according to the applicable America Arbitration Association rules then in existence.

3. In arbitration, the initial determination the Arbitrator had to make was whether the arbitration provisions agreed to by Defendants and Plaintiff would allow Defendants to proceed as a class. The Arbitrator ultimately decided that the arbitration provisions at issue did not prohibit Defendants from proceeding in arbitration as a class and issued a Clause Construction Award ordering such. Plaintiff filed a Declaratory Action in the Circuit Court of Coffee County, Alabama seeking to vacate the Clause Construction Award and compel Defendants to arbitration individually, instead of as a class. Defendants timely filed their Notice of Removal to this Court.

## ARGUMENT

**I.   The parties agreed an arbitrator, not a court, would determine whether the Arbitration Provision prohibited class arbitration.**

4. Plaintiff's action for declaratory judgment against Defendants must be arbitrated in accordance with the agreements between the parties. The Arbitration Provisions are enforceable, written agreements to arbitrate within the meaning of the Federal Arbitration Act ("FAA"). The language in the Arbitration Provisions clearly cover the claims asserted by

Plaintiff in its Complaint. *See Ex parte Gates*, 675 So.2d 371 (Ala. 1996)(recognizing that arbitration provisions that include the language "all disputes . . . arising out of or in any way related to" the parties' agreement are considered sufficiently broad to encompass all related claims).

5. Moreover, the FAA makes clear that an arbitration provision is enforceable if it relates to a transaction involving interstate commerce. 9 U.S.C. § 2; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 55 (2003)(quoting *Perry v. Thomas*, 482 U.S. 483, 490 (1987)). Rejecting the stringent test adopted by the Alabama Supreme Court in *Sisters of the Visitation v. Cochran Plastering Co.*, 775 So.2d 759, 765 (Ala. 2000), the Supreme Court in *Citizens Bank* held that the application of the FAA is not defeated if the individual transaction at issue, taken alone, does not have a substantial impact on interstate commerce. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. at 55. Instead, "Congress' Commerce Clause power 'may be exercised in individual cases without showing any specific effect on interstate commerce' if in the aggregate the economic activity in question would represent a 'general practice . . . subject to federal control.'" *Id.* at 56-57 (quoting *Mandeville Island Farms, Inc. v. American Crystal Sugar Co.*, 334 U.S. 219, 236 (1948)). The manufactured homes in the case at hand were purchased from an out of state manufacturer there are written agreements between the parties. Thus, this case involves interstate commerce and, therefore, Defendants' motion to compel arbitration is due to be granted.

6. The policy favoring arbitration embodied in the FAA requires courts to "rigorously" enforce agreements to arbitrate. *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221 (1985). Thus, there is a strong presumption in favor of arbitration, and "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Ex parte Colquitt*, 808

So.2d 1018, 1024 (Ala. 2001)(quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

7.  Plaintiff's action for declaratory judgment asks this Court to consider the construction of the Arbitration Provisions. Plaintiff's complaint requests relief relating to the interpretation of the Arbitration Provisions as to the availability of class action arbitration. This is clearly the sort of action that the United States Supreme Court has held should be sent to the arbitrator to determine. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003)(determining that whether an arbitration provision forbids class arbitration is a question "[a]rbitrators are well situated to answer. . . ."). Therefore, this declaratory judgment action should be sent back to the Arbitrator that has already considered the issues presented by this action.

8.  Furthermore, 9 U.S.C. § 3 requires that a court stay litigation where issues presented in the litigation are the subject of an arbitration provision. *See Texaco Exploration and Production Co. v. AmClyde Engineered Products Co, Inc.*, 243 F.3d 906, 909 (5th Cir. 2001)(stating "any litigation arguably arising under such a clause should be stayed pending the arbitrator's decision as to whether the dispute is covered"). As the Eleventh Circuit has stated, "[a]n agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988). For these reasons, this Court should stay any further proceedings in this action and excuse the Defendants from filing an answer.

9.  Additionally, Defendants will be deprived of their contractual rights to have Plaintiff's claims determined by arbitration if it is required to concurrently litigate this dispute in the present action.

10.     Plaintiff's action for declaratory judgment is not an appropriate method for vindicating any rights Plaintiff may have under the Arbitration Provisions or the arbitration rules as this action is clearly covered by the Arbitration Provisions' "all controversies" language.

11.     Because the parties have contractually agreed to arbitrate this dispute, this Court's review of the Clause Construction Award is limited. *See Max, Inc. v. Sciacca*, 598 So.2d 1376, 1380 (Ala. 1992)("Where parties, as in this case, have agreed that disputes should go to arbitration, the role of the courts in reviewing the arbitration award is limited")(*overruled on other grounds by Terminix Int'l Co. v. Jackson*, 628 So.2d 357 (Ala. 1993)). Specifically, this Court's review of an arbitration award is limited to the determination of whether there exists one of the specific grounds for vacation of an award. *See Birmingham News Corp. v. Horn*, 901 So.2d 27 (Ala. 2004)(recognizing the grounds set out in 9 U.S.C. § 10 of the FAA and "manifest disregard for the law" as grounds for vacating an arbitration award).

12.     Therefore, the Plaintiff's request for declaratory relief falls outside of the scope of judicial review contemplated by the parties under the terms of the Arbitration Provisions requiring that "all controversies" are to be resolved through arbitration.

13.     As action for Declaratory Judgment is not mentioned as an avenue for appeal under the FAA or Alabama state law, it presents no justiciable controversy different from the action already pending in arbitration. Therefore, this action for Declaratory Judgment should simply be dismissed by this Court and allowed to proceed to resolution in arbitration.

14.     The class arbitration issue that was resolved by the Arbitrator, pursuant to the parties' contractual agreements, is identical to the issue that Plaintiff attempts to relitigate in this Declaratory Judgment action.

15. Therefore, Plaintiff's action for declaratory relief is also barred under the doctrine of collateral estoppel or issue preclusion. *See Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.*, 851 So.2d 507, 516 (Ala. 2002)("In Alabama, the 'doctrines of [res judicata and collateral estoppel] apply as well to awards in arbitration as they do to ajudications in judicial proceedings.'")(quoting *Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000)(quoting in turn *American Ins. Co. v. Messinger*, 43 N.Y.2d 184, 189-90, 371 N.E.2d 798, 801, 401 N.Y.S.2d 36, 39 (1977)).

16. Defendants respectfully request the opportunity to present authorities, evidence, and argument in support of this Motion, if necessary.

**II.    A Clause Construction Award is not a final order, which is required to be appealable under the FAA, and review of a Clause Construction Award is not on the list of appealable awards and cannot be added by contract.**

17. Plaintiff's have requested the Clause Construction Award permitting class arbitration be vacated. Vacation of arbitration awards is governed by 9 U.S.C. § 10 which states, in pertinent part, the following:

> **(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

18.     Plaintiff has not alleged any facts that would support vacation of the Clause Construction Award based upon Section 10(a)(1), (a)(2), or (a)(3).  Therefore, vacation must be based upon Section 10(a)(4) of the FAA.  Upon close examination of Section 10(a)(4), it is the contention of Defendants that this Court lacks jurisdiction to vacate the Clause Construction Award.

19.     Section 10(a)(4) states "where the arbitrators exceeded their powers, or so imperfectly executed them that a **mutual, final and definite award** upon the subject matter submitted was not made."  (Emphasis added).  Interpreting this section, the District of New Jersey has stated "Federal courts commonly understand this provision of the FAA to allow review of final arbitration awards but *not* of interim or partial rulings."  *Marron v. Snap-On Tools, Co., LLC*, 2006 WL 51193, *1 (D.N.J. 2006)(emphasis in original).  The Eastern District of Pennsylvania has stated "[a]lthough the Federal Arbitration Act provides for instances where a district court may review a final arbitration award, *see* 9 U.S.C. §§ 9-11, 'a district court does not have the power to review an interlocutory ruling by an arbitration panel.'"  *Nolu Plastics, Inc. v. Valu Engineering, Inc.*, 2004 WL 2314512, *6 (E.D.Pa. 2004)(quoting *Elgart v. Sono-Tek Corp.*, 1989 WL 136280, *3 (E.D.Pa. 1989); *see Travelers Ins. Co. v. Davis*, 490 F.2d 536, 541-42 (3d 1974)(determining a district court cannot hear a complaint based upon a preliminary ruling and stating "a plain reading of the statutory language would require immediate dismissal").  The First Circuit has stated "that '[i]t is essential for the district court's jurisdiction that the arbitrator's decision was final, not interlocutory.'"  *Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233 (1st Cir. 2001)(quoting *El Mundo Broad. Corp. v. United Steelworkers of America, AFL-CIO CLC*, 116 F.3d 7, 9 (1st Cir. 1997).

20. Defendants contend a Clause Construction Award is not a **final** award and, thus, this Court lacks jurisdiction under the FAA to review the award. The Second Circuit has stated "[i]n order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir. 1980). The court went on to state that "[g]enerally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Id.* at 413-14. In the case at hand, the Clause Construction Award was not a complete determination of all claims submitted. The issues of liability and damages have yet to be decided. Thus, the Clause Construction Award is not a final award, but rather an interlocutory order.

21. Some courts have carved out exceptions to the FAA's finality requirement. For example, in *Metallgesellscaft A.G. v. M/V Capitan Constante*, the Second Circuit did not enforce its strict definition of "finality" discussed above. 790 F.2d 280 (2d Cir. 1986). The court stated "[t]he purpose of arbitration is to permit a relatively quick and inexpensive resolution of contractual disputes." *Id.* at 282. The court went on to state "an award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d at 283. As the dissent pointed out, "[t]his exception for separate and independent claims creates, in effect, an arbitration analogue to Rule 54(b)." *Id.* at 284 (Feinberg, CJ dissenting). Rule 54(b) of the Federal Rules of Civil Procedure allows a court to make a final determination on fewer than all the claims if the court determines the decision will not delay the proceedings and, thus, allow the parties to appeal these "final" orders.

22. Plaintiff may argue that the Clause Construction Award should fit into this exception of the finality rule because the resolution of this issue by a court would decrease the expense and time of the ultimate decision of the Arbitrator. However, Congress did not authorize judicial review of partial arbitration awards. Therefore, even if a decision on the Clause Construction Award would be desirable, the power of a court to decide the issue must be granted by Congress. It must be recognized that Rule 54(b) was created by Congress. If Congress felt it was necessary to carve out a similar exception to finality in the FAA, it would have done so.

23. In *Genus Credit Management Corp. v. Jones*, the District of Maryland rejected the argument that a Clause Construction Award is not final. 2006 WL 905936. The court stated, "[o]ther courts, including one in this circuit, have reviewed **preliminary decisions** by arbitrators that **do not amount to final disposition** of the entire arbitration." *Id.* at *2 (emphasis added). The court recognized in its reasoning that a Clause Construction Award is not a final decision, but decided it nevertheless had jurisdiction. The court created an exception to the FAA's finality requirement. As mentioned above, Congress, not the courts, have the authority to carve out exceptions to the FAA's finality requirement.

24. The court also stated in a footnote that "Rule 3 of the AAA's Supplementary Rules specifically contemplates judicial review of interim 'final' awards such as this one." *Genus Credit Management Corp. v. Jones*, 2006 WL 905936 at *2 fn. 1. In the case at hand, the parties were governed by the AAA's rules and incorporated them in the Arbitration Provisions. However, parties to a contract cannot give jurisdiction to a court which has none. Congress has the exclusive power to grant jurisdiction to courts, not parties to a contract, the AAA, or the courts.

25.     Plaintiff may argue the Arbitration Provisions do not grant jurisdiction to this Court, but rather the parties agreed by contract to expand judicial review to Clause Construction Awards. That is, the list in the FAA that states what arbitration awards parties may appeal is not exclusive and, therefore, additional awards can be added by contract. As mentioned above, vacation of arbitration awards is governed by 9 U.S.C. § 10 which states, in pertinent part, the following:

> **(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> **(1)** where the award was procured by corruption, fraud, or undue means;
>
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
>
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

26.     In this case, the parties agreed to abide by the AAA's rules, one of which allows a court to examine not only the arbitration awards listed in the FAA, but also the Clause Construction Award. The Circuit Courts have been split over whether or not the list in the FAA is exclusive or merely a guide that could be added to by contract. For example, in *Gateway Technologies, Inc. v. MCI Telecommunications Corp.*, the Fifth Circuit recognized "the parties contractually agreed to permit expanded review of the arbitration award by the federal courts." 64 F.3d 993, 996 (5th Cir. 1995). The Fifth Circuit went on to state that "[s]uch a contractual

modification is acceptable because, as the Supreme Court has emphasized, arbitration is a creature of contract. . . ." *Id.*

27.     The United States Supreme Court has just recently rejected this holding. The Supreme Court stated "[t]he Courts of Appeals have split over the exclusiveness of these [Section 10] statutory grounds when parties take the FAA shortcut to confirm, vacate, or modify an award, with some saying the recitations are exclusive, and others regarding them as mere threshold provisions open to expansion by agreement." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008). In rejecting the idea that parties can contract around the FAA, the United States Supreme Court stated the following:

> Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process," *Kyocera* [*Corp. v. Prudential-Bache Trade Service, Inc.*], 341 F.3d [987], at 998 [(9th Cir. 2003)]; cf. *Ethyl Corp. v. United Steelworkers of America*, 768 F.2d 180, 184 (7th Cir. 1985), and bring arbitration theory to grief in post-arbitration process.

*Id.* at 1405.

The Supreme Court stated "[w]e now hold that §§ 10 and 11 respectively provide the FAA's **exclusive grounds** for expedited vacatur and modification." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. at 1403 (emphasis added).

28.     Therefore, since review of a Clause Construction Award is not on the list in Section 10 of the FAA, the parties cannot add it by contract. Furthermore, parties cannot grant jurisdiction to a federal court which did not have jurisdiction to begin with. That is the exclusive right of Congress. Moreover, as recognized by courts, including those that have carved out exceptions to the FAA's finality requirement, a Clause Construction Award is not a final award,

but rather an interlocutory award. This action by Plaintiff, therefore, should be dismissed for lack of jurisdiction because the Clause Construction Award is an interlocutory award, not a final order as required by the FAA and it is not on the exclusive list found in Section 10 of the FAA.

## **CONCLUSION**

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully move this Court to enter an ORDER:

1. dismissing the Plaintiff's Complaint for Declaratory Relief; or, in the alternative,

2. compelling the arbitration of all of Plaintiff's claims against Defendants in this action;

3. staying all further proceedings against Defendants pending arbitration; and

4. granting any and all other relief to which Defendants are entitled.


/s/ C. Lance Gould_____
C. Lance Gould (ASB-0913-G66C)
Attorneys for Defendants
Michael and Jennifer Walters
and Chester Driskell

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing upon all parties listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 17th day of April, 2008.

Winston C. Edwards
David C. Hilyer
Craddock, Reneker & Davis, LLP
4142 Carmichael Road, Suite C
Montgomery, Alabama 36106

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. Hosp
J. Ethan McDaniel
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000 (Telephone)
(205) 254-1999

            /s/ C. Lance Gould_____
            OF COUNSEL