IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALM HARBOR HOMES, INC )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MICHAEL AND JENNIFER WALTERS, )<br>CHESTER DRISKELL, )<br>)<br>Defendants ) | CASE NUMBER: <u>1:08CV196</u> |

## MOTION FOR REMAND

COMES NOW the plaintiff, Palm Harbor Homes, Inc. ("Palm Harbor"), and, pursuant to 28 U.S.C. § 1447, respectfully request this Honorable Court to remand this cause to the Circuit Court of Coffee County, Alabama.

As grounds therefore, Palm Harbor shows to this Court the following:

1. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1331, in that there is no federal question jurisdiction. The Complaint filed in the state court is a Complaint for Declaratory Judgment filed pursuant to Ala. Code § 6-6-222 seeking an order vacating and arbitration award and seeking the enforcement of an arbitration agreement. Defendants do not contend that federal question jurisdiction exists.

2. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, in that there is no diversity jurisdiction —

    A. The Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d), as amended, and 28 U.S.C. § 1453) does not extend jurisdiction to this action because it is not a Rule 23 class action. Instead, this is a declaratory judgment action filed by one plaintiff against three individual

Alabama defendants. Further, even if this action is treated as a class action, the CAFA does not apply to class actions where the "number of members of all proposed classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Finally, the Defendants have failed to meet their burden to demonstrate that the amount in controversy requirement has been met.

B. All defendants are citizens of Alabama. Thus, pursuant to 28 U.S.C. § 1441(b), the action is not removable.

3. Palm Harbor respectfully submits and files its Brief In Support along with this Motion.

4. Palm Harbor files the Affidavit of Russell Sargent, attached hereto as Exhibit "A", in support of this Motion.

5. Palm Harbor respectfully prays that the Court award payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal and the seeking of remand, pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that this Honorable Court remand this cause to the Circuit Court of Coffee County, Alabama, whence it originated, and that the Court award costs and expenses for the improper removal.

Respectfully submitted this 18th day of April, 2008.

/s/ David C. Hilyer
WINSTON W. EDWARDS (137576)
DAVID C. HILYER (293823)
Attorneys for Plaintiff Palm Harbor Homes, Inc.

CRADDOCK DAVIS & KRAUSE LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064    Telephone
(334) 215-7843    Facsimile

/s/ Edward A. Hosp
LEE E. BAINS, JR.
THOMAS W. THAGARD, III
EDWARD A. "TED" HOSP
J. ETHAN MCDDANIEL
Attorneys for Plaintiff Palm Harbor Homes, Inc

MAYNARD, COOPER & GALE, PC
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
205-254-1000    Telephone
205-254-1999    Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by electronic mail on this the 18th day of April, 2008.

/s/ Edward A. Hosp
OF COUNSEL

Lance Gould, Esq.
Lance.Gould@BeasleyAllen.com
BEASLEY, ALLEN
P.O. Box 4160
Montgomery, AL 36103

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALM HARBOR HOMES, INC.<br><br>    Plaintiff<br><br>vs.<br><br>MICHAEL AND JENNIFER WALTERS,<br>CHESTER DRISKELL,<br><br>    Defendants | )<br>)<br>)<br>)<br>)   CASE NUMBER: <u>1:08CV196</u><br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF RUSSELL SARGENT

BEFORE ME, the undersigned authority, personally appeared Russell Sargent, being by me first duly sworn, doth depose and say as follows:

"My name is Russell Sargent. I am now and, at all times relevant to this lawsuit, have been employed by Palm Harbor Homes, Inc. as its Quality Manager. I make this affidavit based upon my personal knowledge, the facts of the case and the records of Palm Harbor Homes, Inc.

I have reviewed Palm Harbor's records and the total number of homes in the hot, humid and fringe climate in Alabama that have "vapor on gypsum" wallboard on each wall in the home is forty-five (45). In addition, the total number of Palm Harbor homes in the hot, humid and fringe climate in Alabama that have "vapor on gypsum" wallboard on at least one wall in the home is seventy-five (75)."

Further affiant says not.

_____
Russell Sargent
Palm Harbor Homes, Inc.

1

STATE OF NORTH CAROLINA
COUNTY OF Stanly

    Before me, the undersigned a Notary Public in and for State and County aforesaid, personally appeared Russell Sargent, who is personally known to me and who, being by me first duly sworn doth depose and say that he signed the above affidavit and that it is true and correct to the best of his knowledge.

Done this the 16th day of April, 2008.

                                Crystal Thompson
                                NOTARY PUBLIC

(SEAL)

                                My Commission Expires: 9-27-2012