IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALM HARBOR HOMES, INC ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CASE NUMBER: <u>1:08CV196</u> |
| ) | |
| MICHAEL AND JENNIFER WALTERS, ) | |
| CHESTER DRISKELL, ) | |
| ) | |
| Defendants ) | |

### BRIEF IN SUPPORT OF MOTION FOR REMAND

COMES NOW the plaintiff, Palm Harbor Homes, Inc. ("Palm Harbor"), and respectfully submits this Brief in support of its Motion For Remand.

### INTRODUCTION

On February 15, 2008, Palm Harbor filed a Complaint for Declaratory Judgment in the Circuit Court of Coffee County, Alabama naming Jennifer Walters, Michael Walters and Chester Driskell as defendants. ("Declaratory Judgment Action", see Complaint attached as Exhibit "A" to Defendants' Notice of Removal). Palm Harbor sought declaratory relief pursuant to Ala. Code § 6-6-222 asking the Circuit Court of Coffee County, Alabama to vacate an arbitrator's award and to enforce the arbitration agreement as written[1]. Id.

On March 19, 2008, Defendants filed a Notice of Removal with this Court claiming this Court has original jurisdiction over this matter based on the Class Action Fairness Act. 28 U.S.C. §1332(d) ("CAFA"). Specifically, in their Notice of Removal, Defendants claim the

---

[1] On or about December 22, 2006, Driskell and the Walters' filed a Demand for Arbitration with the American Arbitration Association. Pursuant to AAA's rules, on January 17, 2008, the arbitrator issued her Partial Final Clause Construction Award which stated that the Arbitration Provision allowed for class arbitration.

amount in controversy could be over $50,000,000 and involved over 1000 potential class members. First, as shown below, these allegations are irrelevant. Second, assuming the allegations were relevant, they are simply not true.

Defendants do not contend that there exists a federal question, such that jurisdiction in this Court would be proper under 28 U.S.C. § 1331, nor do Defendants contend that any other provisions of the diversity statute, 28 U.S.C. § 1332, apply. As such, the only issue for this Court to resolve is whether jurisdiction exists pursuant to CAFA.

## ARGUMENT

### I.   The Burden of Demonstrating Jurisdiction Rests with the Removing Party

Eleventh Circuit law is now clear that, despite Congress' intent to broaden federal jurisdiction in the class action context, the burden of demonstrating that jurisdiction exists remains with the removing party. See Meidema v. Maytag Corp., 450 F.3d 1322 (11th Cir. 2006); Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). Thus, the Defendants herein are responsible for demonstrating that all of the requirements for jurisdiction under CAFA have been met. Defendants have fallen well short of meeting that burden in this case.

### II.   This Action Does not Fall Within the Definition of a "Class Actoin" as that Term is Defined Under CAFA.

As the Eleventh Circuit stated in Lowery, "[t]he availability of federal jurisdiction created by CAFA in § 1332(d), and the Act's procedural removal provisions under § 1453, both depend on whether a given suit constitutes a 'class action' as defined by the statute." Lowery, 483 F.3d at 1195. As a threshold matter, therefore, the Defendants must demonstrate that this case meets the definition of a "class action" under CAFA. Defendants cannot pass even this initial test.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B). The case before this Court was not filed pursuant to Rule 23 of the Alabama or Federal Rules of Civil Procedure - or any other similar "rule of judicial procedure". Instead, it was filed in Coffee County Circuit Court as a declaratory judgment action - filed by **one** plaintiff against three individual Alabama defendants. Because this case is not a class action, CAFA has no applicability, and this Court lacks jurisdiction. See Harvey v. Blockbuster, Inc., 384 F. Supp. 2d 749, 754 (D.N.J. 2005) ("[J]urisdiction under Section 1332(d) is lacking because since the action is not a class action as defined by the statute"). Accordingly, the case is due to be remanded to Coffee County.

## III.    Because the CAFA does not apply, this action is not removable pursuant to 28 U.S.C. § 1441(b).

As noted above, the Defendants claim CAFA as the sole ground for jurisdiction in this Court. Plaintiffs do not contend that this action implicates any of the other provisions of the diversity statute. However, assuming that Defendants did make such a contention, their status as resident of the forum state (Alabama) would require remand of this action. 28 U.S.C. § 1441 (b). Section 1441(b) states that:

> "any ... action [that does not implicate a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b). Because Defendants herein are "citizens of the State in which" this "action is brought", the matter is not removable and is due to be remanded to the Circuit Court of Coffee County, Alabama. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996).

**IV.    Even if This Case was a Class Action, the Defendants Cannot Meet the Additional Requirements of CAFA.**

Even if this Court finds that this case is a class action, thus triggering an analysis of jurisdiction under CAFA, remand is still proper because the number of potential class members falls below the required amount. "CAFA provides federal courts with jurisdiction over class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b); any member of the plaintiff class is diverse from any defendant, § 13132(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2)." Lowery, 483 F.3d at 1193.

The Defendants filed an arbitration complaint alleging Palm Harbor negligently manufactured homes with "vapor on gypsum" wallboard in the hot, humid, climate. Defendants, in their Notice of Removal, state – without any support - that the number of potential class members is in the thousands. (See Notice of Removal at ¶8). Nothing can be further from the truth. In fact, the total number of pure "vapor on gypsum" homes in the hot, humid and fringe climate in Alabama is forty-five[2]. (See affidavit of Russell Sargent, attached as Exhibit "A" to Plaintiffs' Motion to Remand). The total number of Palm Harbor homes in the hot, humid and fringe climate that have "vapor on gypsum" wallboard anywhere in the home is seventy-five[3]. Id.

---

[2]    A house can either have "vapor on gypsum" wallboard on each and every wall in the house ("pure") or it can have tape and texture wallboard on some walls and "vapor on gypsum" wallboard on the other walls ("partial").

[3]    This takes into account Palm Harbor homes setup in the hot, humid and fringe climate since December 2002. This is because the Defendants' original demand for arbitration filed with the American Arbitration Association was filed in December 2006. Homes older than December 2002 would be barred by the statute of limitations, as well as the fact that the

Thus, even if this Court finds that this case is a class action, which it is not, the Defendants cannot meet the additional numerosity requirement set forth under CAFA, and this matter should be remanded to the state court.

Further, the Defendants have failed to properly establish the requisite amount in controversy as required under the Eleventh Circuit's recent decisions in Lowery and Miedema. Meidema, 450 F.3d 1322; Lowery, 483 F.3d 1184. Plaintiffs sole argument that the amount in controversy requirement has been met is based on the price of the homes at issue, multiplied by Defendants estimate that the class exceeds 1,000 homeowners. Unfortunately for Defendants, this highly speculative method of satisfying the amount in controversy was rejected in both Lowery and Miedema. Meidema, 450 F.3d at 1331-32; Lowery, 483 F.3d at 1220. As such, this case is due to be remanded.

---

proposed "waiver" by HUD was not in effect as of that date.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that this Honorable Court remand this cause to the Circuit Court of Coffee County, Alabama, whence it originated, and that the Court award costs and expenses for the improper removal.

Respectfully submitted this 18th day of April, 2008.

/s/ David C. Hilyer
WINSTON W. EDWARDS (137576)
DAVID C. HILYER (293823)
Attorneys for Plaintiff Palm Harbor Homes, Inc.

CRADDOCK DAVIS & KRAUSE LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802
(334) 215-3064     Telephone
(334) 215-7843     Facsimile

/s/ Edward A. Hosp
LEE E. BAINS, JR.
THOMAS W. THAGARD, III
EDWARD A. "TED" HOSP
J. ETHAN MCDDANIEL
Attorneys for Plaintiff Palm Harbor Homes, Inc

MAYNARD, COOPER & GALE, PC
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
205-254-1000     Telephone
205-254-1999     Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by electronic mail on this the 18th day of April, 2008.

/s/ Edward A. Hosp
OF COUNSEL

Lance Gould, Esq.
Lance.Gould@BeasleyAllen.com
BEASLEY, ALLEN
P.O. Box 4160
Montgomery, AL 36103