**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PALM HARBOR HOMES, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 1:08-cv-00196-MEF** |
| | ) | |
| **MICHAEL AND JENNIFER WALTERS,** | ) | |
| **CHESTER DRISKELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND**

COME NOW the Defendants, Michael and Jennifer Walters and Chester Driskell, and respectfully submit this Brief in opposition to Plaintiff's Motion For Remand.

**INTRODUCTION**

The underlying dispute in this action arose out of defects to manufactured homes purchased by Defendants and manufactured by Plaintiff. Defendants agreed to arbitration at the purchase of their homes, therefore, Defendants stated their causes of action in arbitration on or about December 22, 2006 and amended the complaint on or about February 20, 2007. Defendants have asserted class action allegations in their Arbitration Complaint. In arbitration, the initial determination the arbitrator had to make was whether the Arbitration Provisions agreed to by Defendants and Plaintiff would allow Defendants to proceed as a class. The arbitrator ultimately decided that the Arbitration Provisions at issue did not prohibit Defendants from proceeding in arbitration as a class and issued a Clause Construction Award ordering such. Plaintiff filed a Declaratory Action in the Circuit Court of Coffee County, Alabama seeking to

vacate the Clause Construction Award and compel Defendants to arbitration individually, instead of as a class.

On or about March 19, 2008, Defendants filed a Notice of Removal with this Court. This Court has jurisdiction over this matter based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000 and there are at least 100 members in the class, as required by CAFA.

## ARGUMENT

### I.    Defendants contend there are in fact at least 100 members of the class.

The Class Action Fairness Act ("CAFA") states that it will not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). The Plaintiff alleges that the proposed class before this Court is not made up of at least 100 members and, therefore, CAFA is inapplicable. Defendants submitted an affidavit in support of this proposition, stating the class is only made up of 75 manufactured homes, 25 homes short of the required 100. Defendants have not had an opportunity to discover the number of affected manufactured homes, but be that as it may, for the sake of the argument, Defendants will assume there are only 75 manufactured homes in the class.

Plaintiff's argument that there are only 75 manufactured homes in the class and, therefore, CAFA is inapplicable is nothing more than a slide of hand. Plaintiff is well aware that the **manufactured homes** do not make up the class. Rather, the class is made up of **people** who own those homes. This Court does not have to look any further than the name of this case to discover many members of the class did not purchase the home individually, but instead jointly purchased a home. The case name contains the names Michael **and** Jennifer Walters. Although

Michael and Jennifer Walters only asserted claims for defects in **one** manufactured home, they nevertheless make up **two** members of the class.

Therefore, the number of manufactured homes affected by defects is irrelevant. The issue is how many people bought those homes which were affected by the defects. Defendants contend there are at least 25 defective homes at issue that have more than one owner. Plaintiff submitted no evidence to suggest the Defendants fall short of a 100 member class. The Plaintiff, however, is under the impression that it does not have to offer any proof because Defendants have the burden of proof. Unfortunately for the Plaintiff, examination of case law results in the opposite conclusion.

**II.     The burden of proving that there are fewer than 100 members of the class falls on the Plaintiff.**

The Eleventh Circuit, as argued by Plaintiff, has stated "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). The Eleventh Circuit, however, went on to state that "when a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA . . . *we hold that the party seeking remand bears the burden of proof with regard to that exception*." *Id.* (emphasis added). Other Circuit Courts have also held the remanding party bears the burden of proving an exception to jurisdiction based on CAFA. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006)(determining which party bears the burden when jurisdiction is based on CAFA and stating "the district court properly placed the burden on plaintiffs"); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007)("The structure of the statute and the long-standing rule on proof of exceptions to removal dictate that the party seeking remand bears the burden of proof as to any exception under CAFA").

Section 1332(d)(5) is clearly an exception to CAFA.  Section 1332(d)(2) sets out the basic requirements and Sections 1332(d)(3) – (5) are exceptions to jurisdiction.  The Eleventh Circuit has indicated that the part of CAFA that states the class should be composed of at least 100 members, Section 1332(d)(5)(B), is an exception.  In *Lowery v. Alabama Power Company*, while discussing CAFA, the Eleventh Circuit stated CAFA was "[s]ubject to certain **exceptions** designed to keep purely local matters and issues of particular state concern in the state courts, § 1332(d)(3) to (5). . . ."  483 F.3d 1184, 1194 (11th Cir. 2007)(emphasis added).  Therefore, once Defendants have satisfied Section 1332(d)(2), the burden shifts to Plaintiff to demonstrate to this Court that one of the exceptions of 1332(d)(3) – (5) is applicable.  Plaintiff submitted no evidence to suggest the defective manufactured homes were not bought by multiple Defendants and, therefore, Plaintiff has not shown that the number of members of the class is less than 100.

**III.     The required $5,000,000 amount in controversy is met.**

With respect to the requisite $5,000,000 being satisfied, Defendants will assume, *arguendo*, that there are 75 homes Defendants will be able to recover damages for.   In Defendants' first brief, in order to establish $5,000,000, Defendants assumed each defective manufactured home's average sales price was $50,000.  Upon further investigation, it appears the Defendants were being very generous to Plaintiff in determining whether the amount in controversy is satisfied.  Plaintiff's 2007 Annual Report to Shareholders, found on Plaintiff's website, states that "[a]lthough we produce a wide price range of manufactured homes, the average retail sales price (excluding land) of our manufactured homes was approximately $79,000 during fiscal 2007."[1]  The total amount of damage using an average retail price of $79,000 and taking into account 75 defective manufactured homes totals $5,925,000.

---

[1] *See* http://library.corporate-ir.net/library/11/116/116737/items/256035/7_30PHHM2007Finalweb.pdf, 14 (last visited April 24, 2008).

For the sake of the argument, Defendants will calculate the amount of damages based on the $50,000 sales price as well. The $50,000 sales price for 75 homes totals $3,750,000. This means the 100 class members must have punitive and mental anguish damages in the amount of $12,500 each in order to satisfy the $5,000,000 requirement ($5,000,000 – 3,750,000 = $1,250,000, $1,250,000 / 100 = $12,500).

As your Honor has recognized, in *Southern Energy Homes, Inc. v. Washington* a manufactured home producer was sued for many of the same claims that Defendants allege in their case against Plaintiff. 774 So.2d 505 (Ala. 2000). A compensatory damages award in that case of $375,000 was upheld by the Alabama Supreme Court and a "substantial portion" of that amount was for mental anguish. *Id.* at 518-19.

Moreover, as your Honor has also recognized, in *Horton Homes, Inc. v. Brooks* a manufactured home producer was sued for many of the same claims that Defendants allege in their case against Plaintiff. 832 So.2d 44 (Ala. 2001). Initially, the plaintiffs were awarded $600,000 in punitive damages, which was reduced by the Alabama Supreme Court to $150,000. *Id.* at 54, 59.

The likely mental anguish award of nearly $375,000 and the likely punitive damages award of $150,000 must be taken into account. Assuming there are only 75 homes in the class, if the mental anguish damages alone were only $100,000 per home, the total would be $7,500,000. That does not take into account the likely punitive damages award. The $5,000,000 required by CAFA is clearly met. Defendants again emphasize, it is Defendants' belief the class is made up of at least 100 members and Plaintiff has presented no evidence to the contrary. The number of homes do not make up the class, but rather the class is made up of the people who purchased those homes.

**IV.    Defendants properly calculated damages to demonstrate to this Court the amount in controversy requirement is satisfied.**

Plaintiff has called Defendants' method of calculating damages speculative, yet Plaintiff did not provide an alternative way to calculate the amount of damages.  Instead, for the proposition that the method Defendants have used to calculate the amount of damages is "speculative," Plaintiff cites two Eleventh Circuit decisions, which Defendants contend do not stand for that proposition at all.

The Eleventh Circuit in *Miedema v. Maytag Corporation* found the calculation of damages speculative because it was unclear to the court whether the suggested retail price of the damaged goods would reflect the actual amount of compensatory damages.  450 F.3d 1322, 1331-32 (11th Cir. 2006).  Unlike that case, however, in the case at hand Defendants alleged in the Complaint that the homes were worthless.  Therefore, Defendants are seeking damages for the entire price of the defective manufactured homes.  Furthermore, the court in *Miedema v. Maytag Corporation* found the calculation of damages to be speculative because there was no evidence of the actual number of defective goods.  *Id.* at 1332.  In the case at hand, however, Plaintiff has stated there are 75 defective manufactured homes at issue.

In *Lowery v. Alabama Power Company*, the calculation of the amount of damages was deemed speculative because there were no damages specified in any documents submitted to the court, including the initial complaint.  483 F.3d at 1208.  By contrast, in the case at hand, Defendants have alleged the defective manufactured homes are worthless.  Therefore, Defendants are seeking mental anguish damages, punitive damages, and damages for the entire price of the defective manufactured homes.

**V.    The Court should look to the underlying claims in arbitration to determine what States the parties are citizens of.**

Plaintiff argues this Court also does not have diversity jurisdiction over this action because Plaintiff contends Defendants are citizens of the State in which the Declaratory Action was brought.  However, Plaintiff did not argue this Court should not look to the underlying transaction to determine the amount in controversy.  Therefore, Plaintiff obviously concedes this Court should look not to the Declaratory Action, but rather to the claims asserted in arbitration to determine whether the amount in controversy is satisfied.  Plaintiff, however, does argue this Court should look to the Declaratory Action and not to the underlying claims in arbitration to determine the true identity of the parties.  The reason for this inconsistency was not explained by Plaintiff.

Defendants argue much like this Court will look to the claims asserted in arbitration to determine whether the amount in controversy is satisfied, this Court should also look to the claims asserted in arbitration and determine the true defendant in the underlying transaction is not a citizen of the State in which the action was brought, Alabama.  Despite the fact that Defendants are the defendants in the Declaratory Action, it is indisputable that Defendants are actually the plaintiffs in the underlying transaction.  As your Honor has stated, "[a] civil case filed in state court may be removed by the defendant to federal court if the case could have been brought in federal court originally."  *Kennedy v. Fleetwood Enterprises, Inc.*, 2007 WL 4287374, *1 (M.D.Ala. 2007).

**VI.    It is indisputable that the underlying action does in fact involve a class action.**

Plaintiff also argues CAFA is inapplicable because it does not involve a class action.  Here again, Plaintiff has failed to fully explain the inconsistency between its position of looking to the underlying action for the purpose of determining the amount in controversy, but not

looking to the underlying action to determine the true identity of the parties and whether in fact there is a class involved. The underlying action was brought as a class and an arbitrator has determined the underlying Arbitration Provisions authorize the action to be brought by representatives as a class action. Plaintiff's Declaratory Action was brought against the representatives of that **class** and asked the court split up the **class** and make the members pursue their claims individually. This Court should look to the object of the litigation to determine that a class is involved "because the 'petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award.'" *Kennedy v. Fleetwood Enterprises, Inc.*, 2007 WL 4287374, *2 (M.D.Ala. 2007)(quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

<u>**CONCLUSION**</u>

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that this Honorable Court deny Plaintiff's Motion For Remand to the Circuit Court of Coffee County, Alabama.

Respectfully submitted this 7th day of May, 2008.

/s/ C. Lance Gould_____
C. Lance Gould (ASB-0913-G66C)
Attorneys for Defendants
Michael and Jennifer Walters
and Chester Driskell

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon all parties listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 7th day of May, 2008.

Winston C. Edwards
David C. Hilyer
Craddock, Reneker & Davis, LLP
4142 Carmichael Road, Suite C
Montgomery, Alabama 36106

Lee E. Bains, Jr.
Thomas W. Thagard, III
Edward A. Hosp
J. Ethan McDaniel
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000 (Telephone)
(205) 254-1999

/s/ C. Lance Gould_____
OF COUNSEL