IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PALM HARBOR HOMES, INC | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NUMBER: **1:08CV196** |
| | ) | |
| MICHAEL AND JENNIFER WALTERS, | ) | |
| CHESTER DRISKELL, | ) | |
| | ) | |
|     Defendants | ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND

The removing Defendants, Michael and Jennifer Walters and Chester Driskell, ask this Court to expand Federal Jurisdiction and to ignore the plain language of the Class Action Fairness Act ("CAFA") in order to find that jurisdiction exists. The Court should reject Defendants' arguments, and remand this Court to the Circuit Court of Coffee County, Alabama.

### INTRODUCTION

On February 15, 2008, Palm Harbor Homes, Inc. ("Palm Harbor"), an individual corporate Plaintiff, filed a Complaint for Declaratory Judgment and for Order Compelling Arbitration in Coffee County, Alabama. Palm Harbor named as Defendants three individuals: Michael Walters, Jennifer Walters, and Chester Driskell (the "individual Defendants"). The Coffee County action was filed pursuant to Ala. Code § 6-6-222, *et. seq.* and 9 U.S.C. § 1, *et. seq.* ("FAA"). As this Court is aware, Ala. Code § 6-6-222, is the Declaratory Judgment Act. In its Complaint, a copy of which is attached hereto as Exhibit A, Palm Harbor sought an Order compelling the three individual Plaintiffs to arbitrate their claims against Palm Harbor in

compliance with their particular agreements.  While it is true that the individual Defendants had previously filed a claim with the Arbitration Association of America seeking to pursue arbitration on a class-wide basis, the declaratory judgment action filed by Palm Harbor was not brought pursuant to Rule 23 of the Alabama Rules of Civil Procedure, nor any similar procedural or statutory device.  Despite this fact, on March 19, 2008, the individual Defendants removed the action to this Court asserting that jurisdiction was proper under the Class Action Fairness Act.  The question before this Court therefore is whether or not jurisdiction exists pursuant to the plain language of 28 U.S.C. § 1332(d).

## STANDARD

As this Court has stated numerous times,

> Federal courts are courts of limited jurisdiction." *See, e.g., Kokkomen v. Guardian Life Ins. Co. of Am.,* 511 US 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. The Republican State Executive Comm.*, 719 F2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. …Because federal courts' jurisdiction is limited, the 11th Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. …Removal of a case from state to federal court is proper if the case could have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  The removing defendant has the burden of establishing that this Court has subject matter jurisdiction over an action.  *See Diaz v. Sheppard*, 85 F3d 1502, 1505 (11th Cir. 1996) (stating that party seeking removal to federal court has the burden of establishing federal jurisdiction).

*Cherry v. AIG Sun America Life Ins. Co.,* 2008 WL 508428, *1 (M.D. Ala. Feb. 21, 2008).

## ARGUMENT

I.  **JURISDICTION UNDER CAFA IS NOT PROPER BECAUSE THIS IS NOT A CLASS ACTION**

In this instance, the individual Defendants assert that jurisdiction is proper under the

Class Action Fairness Act.  Defendants do not assert any other ground for federal jurisdiction.  In determining whether jurisdiction is proper, this Court looks to the plain language of that statute.  *E.g., Lowery v. Alabama Power Co.*, 483 F3d 1184, 1196 (11th Cir. 2007).  While it is true that CAFA significantly altered and in certain instances expanded federal jurisdiction, the *Lowery* opinion makes it clear that courts should take care not to expand jurisdiction beyond the plain language of 28 U.S.C. § 1332(d).  That code section states, "The District Courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of 5,000,000, exclusive of interest and costs, <u>and is a class action</u>."  28 U.S.C. § 1332(d)(2).  The statute states that "the term class action means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  As noted above, this action was filed by a single corporation as a declaratory action against three individuals.  The action was not filed pursuant to Rule 23 of the Federal or Alabama Rules of Civil Procedure, nor any other similar statutory or procedural rule.  Under the plain language of the statute, therefore, this is not a class action and jurisdiction is not proper under the Class Action Fairness Act.  To hold otherwise would be an unwarranted expansion of federal jurisdiction, unsupported by the plain language of the code.

In support of jurisdiction under CAFA Plaintiff cites *Kennedy v. Fleetwood Enterprises, Inc.*, 2007 WL 4287374 (M.D. Ala. Dec. 5, 2007).  As this Court is aware, the issue decided in that matter was whether or not the requisite amount in controversy of $75,000 had been met.  In that action, the Court looked to the "object of the litigation," *i.e.* what the plaintiffs sought, in order to determine whether or not the amount in controversy was met.  *Id.* at *1.  In determining

the amount in controversy however, the Court in *Kennedy* was not required to expand the statutory authority granted pursuant to 28 U.S.C. 1332. Instead, the Court was required only to determine the amount in controversy. In this instance, Plaintiff is asking this Court to transform Plaintiff's state court declaratory judgment action into a class action in order to support federal jurisdiction. Accordingly, the Court's decision in *Kennedy* is inapplicable to the instant case, and remand is proper.

II.  **DEFENDANTS HAVE NOT MET THEIR BURDEN TO DEMONSTRATE THAT THE AMOUNT IN CONTROVERSY AND REQUISITE NUMBER OF CLASS MEMBERS HAS BEEN MET**

As this Court is aware, the burden of demonstrating federal jurisdiction rests on the party asserting jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Palm Harbor contends that the Defendants have failed to meet this burden with respect to the amount in controversy and the required number of punitive class members. The information provided to this Court by Defendants in order to establish these threshold amounts in this matter is wholly speculative in nature, and precisely of the sort that the 11th Circuit frowned upon in its decision in *Lowery*. *See Lowery,* 483 F.3d at 1220-21. Accordingly, this case is due to be remanded on these grounds as well.

## CONCLUSION

For the reasons set forth above, and in its previous filings, Plaintiff asks this Court to remand this cause to the Circuit Court of Coffee County, Alabama.

Respectfully submitted this 14th day of May, 2008.

/s/ Edward A. Hosp
LEE E. BAINS, JR.
THOMAS W. THAGARD, III
EDWARD A. "TED" HOSP
J. ETHAN MCDDANIEL
Attorneys for Plaintiff Palm Harbor Homes, Inc

MAYNARD, COOPER & GALE, PC
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
205-254-1000      Telephone
205-254-1999      Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all counsel of record as <u>listed below</u> by electronic mail on this the 14th day of May, 2008.

/s/ Edward A. Hosp
OF COUNSEL

Lance Gould, Esq.
Lance.Gould@BeasleyAllen.com
BEASLEY, ALLEN
P.O. Box 4160
Montgomery, AL 36103



ELECTRONICALLY FILED
2/15/2008 2:58 PM
CV-2008-900007.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
MICKEY COUNTS, CLERK

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ELBA DIVISION

| | |
|---|---|
| PALM HARBOR HOMES, INC. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.____ |
| ) | |
| MICHAEL AND JENNIFER WALTERS, ) | |
| CHESTER DRISKELL, ) | |
| ) | |
| DEFENDANTS. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND
FOR ORDER COMPELLING ARBITRATION**

COMES NOW Plaintiff Palm Harbor Homes, Inc. ("Palm Harbor") and hereby states its complaint against Defendants Michael and Jennifer Walters and Chester Driskell as follows:

**PARTIES**

1. Plaintiff Palm Harbor is a business incorporated in the State of Florida, with its principal place of business in Florida.

2. Defendants Michael and Jennifer Walters ("Walters") are, upon information and belief, residents of Pike County, Alabama.

3. Defendant Chester Driskell ("Driskell") is, upon information and belief, a resident of Coffee County, Alabama.

4. Defendants Driskell and the Walters are collectively referred to as "named Claimants."



EXHIBIT
A

## JURISDICTION

4.     This Court has jurisdiction of this matter pursuant to Ala. Code §6-6-222, et seq. and 9 U.S.C. § 1, et seq. (FAA).[1]

5.     The Declaratory Judgment Act, Alabama Code § 6-6-222 (2005), provides in pertinent part, "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Ala. Code § 6-6-222 (2005). Therefore, a declaratory judgment action is the appropriate mechanism through which Palm Harbor can assert and enforce its contractual and legal rights in this context.

6.     Furthermore, the Alabama Supreme Court has specifically recognized declaratory judgment actions as acceptable means for obtaining an order compelling arbitration in accordance with the terms of an arbitration agreement. *Unum Life Ins. Co. of America v. Wright*, 897 So. 2d 1059, 1074 (Ala. 2004).

7.     The amounts at issue in this matter clearly exceed the minimum amounts necessary for the exercise of this Honorable Court's jurisdiction.

## VENUE

8.     Palm Harbor is a foreign corporation authorized to transact business in Alabama and transacting business Alabama.

9.     Upon information and belief, Defendant Driskell resides in his manufactured home which is located in Coffee County, Alabama, and the Walters reside in their manufactured home which is located in Pike County, Alabama.

---

[1] This Court also has jurisdiction of this matter pursuant to Ala. Code. §6-6-15.

10. Therefore, pursuant to Ala. Code §6-3-2, venue is proper in Coffee County, Alabama as to Defendant Driskell. Pursuant to Ala. R. Civ. P. 82(c), venue is proper as to the Walters in Coffee County because it is proper as to Driskell.

## FACTUAL BACKGROUND

11. On or about December 22, 2006, named Claimants commenced an arbitration proceeding against Palm Harbor alleging class action status. *See* Arbitration Demand, attached as Exhibit A. Named Claimants' allegations concern purported defects in manufactured homes that they purchased.

12. Named Claimants asserted claims from breach of express warranty, breach of implied warranty of habitability, negligence, wanton construction, unjust enrichment, and fraudulent concealment and suppression.

13. It is undisputed that the transaction at issue was and is subject to an arbitration agreement and that the agreement provided that arbitration shall be "according to the applicable rules of the American Arbitration Association."

14. In 2003, the American Arbitration Association ("AAA") adopted Supplemental Rules for Class Arbitration. The Supplementary Rules, specifically Rule 3, provide for an initial "Construction of the Arbitration Clause". As stated in Rule 3:

> Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days <u>to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award</u>. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the

arbitration on the basis state in the Clause Construction award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

Rule 3, AAA Supp. R. for Class Arbitrations.

15. Pursuant to United States Supreme Court precedent, the construction of an arbitration agreement for the purpose of deciding whether an arbitration may proceed on a class basis is an issue that must be decided as a matter of state law – in this case, the law of Alabama. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003).

16. Alabama law expressly provides that arbitration as a class is only permitted when "the language in the arbitration agreement specifically provides for class-wide arbitration," and "to require class-wide arbitration" where the clause is silent on the issue, "would alter the agreements of the parties whose arbitration agreements do not provide for class-wide arbitration," *Med Center Cars, Inc. v. Smith*, 727 So.2d 20 (Ala. 1998); *Leonard v. Terminix Int'l Co. LLP*, 854 So.2d 529, n. 2 (Ala. 2002) ("class-wide arbitration is not permitted absent an agreement permitting disposition on such a basis").

17. The arbitration provision at issue in the instant matter undisputedly does not "specifically provide for class-wide arbitration" and is "silent" concerning the availability of class arbitration.

18. Despite the fact that the arbitration provision at issue undisputedly does not "specifically provide for class wide arbitration" and is "silent" on that subject, the AAA Arbitrator presiding over the underlying arbitration issued a Clause Construction Award finding that the contract at issue permitted this arbitration to proceed on behalf of a class. *See* Clause Construction Award, attached as Exhibit B.

19. This ruling is in direct contradiction with express Alabama law and manifestly disregards that law.

20. The Arbitrator in this action expressly recognized the right under the AAA Rules for either party to seek judicial review of her Clause Construction Award in the January 17, 2008 Order. As stated by the arbitrator:

> In accordance with Rule 3 of the AAA's Supplementary Rules for Class Arbitrations, I retain jurisdiction and order that all proceedings herein be stayed for a period of 30 days from the date of this Partial Final Award so that any party may seek to have this decision confirmed or vacated in a court of competent jurisdiction.

Clause Construction Award, p. 7.

## COUNT ONE

21. Pursuant to Ala. Code § 6-6-222, et seq., an actual, bona fide controversy of a justiciable nature exists between the parties, the parties hereto can fairly and adequately present the issues, and Palm Harbor seeks a declaration of the parties' respective contractual and legal rights, status, and obligations to one another.

22. Palm Harbor also seeks an order, pursuant to 9 U.S.C. § 4, compelling the arbitration to proceed in the manner provided for in the arbitration agreement.

23. Palm Harbor also seeks an order, pursuant to 9 U.S.C. § 10(a)(4), Alabama statutory law and Alabama common law, vacating the Clause Construction Award because the Arbitrator exceeded her authority, ignored applicable Alabama law, manifestly disregarded Alabama law, acted arbitrarily and capriciously, has violated Alabama public policy and improperly reformed the contract at issue.[2]

---

[2] The Order should also be vacated pursuant to Ala. Code § 6-6-15.

WHEREFORE, Plaintiff Palm Harbor respectfully request that this Court enter an Order vacating the Arbitrator's Clause Construction Award and directing the Arbitrator to enter a new Clause Construction Award precluding arbitration of the disputes in this matter as a class, and directing Defendants Driskell and the Walters to proceed to separate individual arbitrations with any and all disputes under their warranty agreements.

Respectfully submitted,

_s/Winston W. Edwards_
Winston W. Edwards, Esq.
David C. Hilyer, Esq.
Attorneys for Plaintiff

CRADDOCK DAVIS & KRAUSE, LLP
4142 Carmichael Road, Suite C
Montgomery, AL 36106-2802

/s/ Edward A. Hosp
Lee E. Bains, Jr. (BAI005)
Thomas W. Thagard, III (THA006)
Edward A. Hosp
J. Ethan McDaniel (MCD065)
Attorneys for Plaintiff

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000 (Telephone)
(205) 254-1999 (Facsimile)

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

| Michael Walters | Jennifer Walters | Chester Driskell |
|---|---|---|
| 6007 Alabama Hwy 93 | 6007 Alabama Hwy 93 | 3334 County Rd 201 |
| Banks, AL 36005 | Banks, AL 36005 | Brundidge, AL 36079 |