IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PALM HARBOR HOMES, INC. )<br>)<br>  PLAINTIFF, )<br>)<br>v. )<br>)<br>MICHAEL AND JENNIFER WALTERS, )<br>and CHESTER DRISKELL, )<br>)<br>  DEFENDANTS. ) | CASE NO.: 1:08cv196-MEF<br><br>(WO) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion for Remand (Doc. # 13) filed on April 18, 2008, by Plaintiff Palm Harbor Homes, Inc. ("Palm Harbor"). Defendants Michael Walters, Jennifer Walters, and Chester Driskell removed this action from the Circuit Court for Coffee County, Alabama on March 19, 2008, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). For several reasons, Plaintiff contends that the statute does not provide a basis for federal subject matter jurisdiction over this action. For the reasons that follow, the Court agrees and finds that the Motion for Remand is due to be GRANTED.

**JURISDICTION AND REMAND STANDARD**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear

by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Federal district courts have federal question jurisdiction over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, federal district courts have jurisdiction over civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the amount in controversy exceeds $75,000. *Id.* Additionally, President George W. Bush signed the Class Action Fairness Act of 2005 into law on February 18, 2005. The CAFA expands federal jurisdiction over interstate class actions and specifically amended 28 U.S.C. § 1332 to give federal district courts diversity jurisdiction over class actions where at least one member of the plaintiff class is a citizen of a different state from any defendant and the total amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). Specifically, that provision states that

> [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and *is a class action* in which –(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state.

*Id.* (emphasis added). For purposes of this provision, the term "class action" is defined as

meaning "any civil action *filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*" 28 U.S.C. § 1332)(d)(1)(B) (emphasis added).

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c).

## DISCUSSION

In support of remand, Palm Harbor presents a variety of arguments concerning whether this case is properly before this Court. In this Court's view, the CAFA does not extend jurisdiction to this action because it is not a Rule 23 class action as that term is defined in the plain language of the statute. This action was filed by a single plaintiff, Palm Bay against three individual defendants. When filing suit, Palm Bay did not invoke Federal Rule of Civil Procedure 23, or any similar State statute. Moreover, Palm Bay did not invoke any procedure authorizing the action to be brought by it in a representative capacity. For this reason, the Court cannot find that this case fits the narrow definition of class action provided by 28 U.S.C. § 1332 (d)(1)(B). Furthermore, even assuming *arguendo* that this case is a class action, the Court cannot find that it meets the jurisdictional grant provided by 28 U.S.C. § 1332(d)(2). That provision only applies, by its terms, to class actions brought by plaintiffs

3

on behalf of classes of plaintiffs. It does not extend to class actions brought against classes of defendants.

In opposition to remand, Defendants mischaracterize Plaintiff's argument on this issue and expand 28 U.S.C. § 1332(d) far beyond what is textually supportable. Defendants submit that because the case "involves" a class action the requirements of 28 U.S.C. § 1332(d). The text of the statute provides no support for such a contention. Here, it matters not at all that this lawsuit is a declaratory judgment that is related to an arbitration between the parties wherein class allegations have been made. That does not magically convert this lawsuit into a class action. The statute provides jurisdiction if the case *is* a class action, not if it is *related to* a class action. The fact that Courts might consider the amount in controversy in an underlying action is a wholly separate inquiry. This declaratory judgment action cannot be judicially construed to be that which it is not in order to create subject matter jurisdiction where Congress did not intend it to exist.

In light of the Court's finding that 28 U.S.C. § 1332(d) provides no subject matter jurisdiction over this action for the aforementioned reasons, the Court need not, and does not address the other arguments advanced in support of the motion for remand. For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Motion for Remand (Doc. # 13) is GRANTED.

(2) All other pending motions are left for disposition by the Circuit Court of Coffee County, Alabama after remand.

(3)  This case is REMANDED to the Circuit Court of Coffee County, Alabama.

(4)  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this the 5th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE